UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CHARLENE A. SMITH, <br><br> Plaintiff, <br><br> v. <br><br> NANCY A BERRYHILL, Deputy Commissioner of Social Security for Operations, <br><br> Defendant. | CASE NO. 2:17-CV-00873-DWC <br><br> ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff Charlene A. Smith filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for disability insurance benefits ("DIB"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 5.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred by failing to follow instructions from this Court and the Appeals Council directing her to conduct further proceedings consistent with a previous Order from the Court. Had the ALJ

followed the Court's instructions by properly considering medical opinion evidence from Dr. Andrew N. Willner, M.D., the ALJ may have found Plaintiff met a Listing at Step Three, and the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore not harmless, and this matter is reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

This case has a lengthy procedural background, with four ALJ hearings, three ALJ decisions, and one previous decision from this Court. On June 4, 2009, Plaintiff filed an application for DIB, alleging disability as of January 4, 2005. *See* Dkt. 8, Administrative Record ("AR") 600. The application was denied upon initial administrative review and on reconsideration. *See* AR 600. On November 2, 2010, ALJ Laura Valente held the first hearing in this matter. AR 61-91. ALJ Valente issued the first ALJ decision on November 18, 2010, finding Plaintiff to be not disabled. AR 94-112. Plaintiff appealed the unfavorable decision to the Appeals Council, which granted Plaintiff's request for review and remanded the case back to the ALJ. AR 113-16.

On December 3, 2012, ALJ Scott R. Morris held the second administrative hearing in this matter. AR 30-60. ALJ Morris issued an unfavorable decision on February 11, 2013, again fining Plaintiff to be not disabled. AR 8-29. The Appeals Council denied Plaintiff request for review of ALJ Morris's decision on August 1, 2014. AR 1-5.

Plaintiff filed her first action in this Court on October 3, 2014, seeking review of ALJ Morris's decision. *See* AR 684-85, 687-88. On July 24, 2015, the Court issued an Order finding the ALJ erred regarding medical opinion evidence from Dr. Andrew N. Willner, M.D. *See* AR

689-703. Pursuant to the Court's Order, the Appeals Council vacated ALJ Morris's February 2013 decision and remanded Plaintiff's claim to the ALJ "for further proceedings consistent with the order of the court." AR 707-11.

ALJ Valente held the third hearing in this matter on March 29, 2016. AR 624-632. At the hearing, ALJ Valente realized some of Plaintiff's medical records were missing from the administrative record. *See* AR 628-31. Therefore, she postponed the hearing in order to get the medical records. *See* AR 628-31. On November 17, 2016, ALJ Valente held the most recent hearing in this matter. AR 619-23. On February 17, 2017, ALJ Valente issued the third unfavorable decision, finding Plaintiff to be not disabled. AR 597-618. ALJ Valente's February 2017 decision is the Commissioner's final decision, which Plaintiff now appeals.[1] *See* 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by failing to: (1) comply with the Court's Order by properly considering Dr. Willner's opinions and make a new RFC assessment and Step Five findings; (2) provide clear and convincing reasons to discount Dr. Willner's medical opinions; (3) properly consider Plaintiff's impairments under Listing 12.04; (4) properly assess Plaintiff's subjective symptom testimony and the lay witness opinions; and (5) properly assess the RFC and subsequent Step Five findings. *See* Dkt. 12, pp. 3-18. Plaintiff argues that as a result of these errors, an award of benefits is appropriate. *Id.* at 19-20.

Plaintiff must establish disability between her alleged onset date – January 4, 2005 – and her date last insured – December 31, 2006. *See* AR 603; *Flaten v. Sec. of Health & Human Servs.*, 44 F.3d 1453, 1461 n.4 (9th Cir. 1995) (citations omitted).

---

[1] When stating "the ALJ" or "the ALJ's decision" throughout this Order, the Court is referring to ALJ Valente and her February 17, 2017 decision.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

## DISCUSSION

### I. Whether the ALJ failed to comply with the previous Order from this Court.

Plaintiff argues the ALJ erred by failing to follow the previous Order from this Court. Dkt. 12, p. 3. Specifically, Plaintiff maintains the ALJ erred because she did not comply with the Court's Order that ordered her to re-evaluate Dr. Willner's opinions, and the ALJ "largely repeated" the RFC assessment and Step Five finding from ALJ Morris's decision. *Id.*

Both the "law of the case doctrine and the rule of mandate apply in the social security context." *Stacy v. Colvin*, 825 F.3d 563, 567 (9th Cir. 2016). Under the rule of mandate, "the mandate of a higher court is controlling as to matters within its compass." *Sprague v. Ticonic Nat'l Bank,* 307 U.S. 161, 168 (1939). A lower court is generally "bound to carry the mandate of the upper court into execution and [may] not consider the questions which the mandate laid at rest." *Id.*

Similarly, under the law of the case doctrine, "[t]he decision of an appellate court on a legal issue must be followed in all subsequent proceedings in the same case." *United States v. Cote*, 51 F.3d 178, 181 (9th Cir. 1995) (quoting *Herrington v. County of Sonoma*, 12 F.3d 901, 904 (9th Cir.1993) (internal quotations omitted)). Therefore, a court is precluded from revisiting issues which have been decided – either explicitly or implicitly – in a previous decision of the same court or a higher court. *Hall v. City of Los Angeles*, 697 F.3d 1059, 1067 (9th Cir. 2012).

The doctrine of the law of the case "is concerned primarily with efficiency, and should not be applied when the evidence on remand is substantially different, when the controlling law has changed, or when applying the doctrine would be unjust." *Stacy*, 825 F.3d at 567.

Additionally, "as a general principle, the United States Supreme Court has recognized that an administrative agency is bound on remand to apply the legal principles laid down by the reviewing court." *Ischay v. Barnhart,* 383 F.Supp.2d 1199, 1213–1214 (C.D. Cal. 2005); *see Sullivan v. Hudson*, 490 U.S. 877, 886 (1989) (citations omitted) (deviation from the court's remand order in the subsequent administrative proceedings is itself legal error, subject to reversal on further judicial review). Likewise, Social Security regulations provide:

> When a Federal court remands a case to the Commissioner for further consideration, the Appeals Council, acting on behalf of the Commissioner, may make a decision, or it *may remand the case to an administrative law judge with instructions to take action and issue a decision* or return the case to the Appeals Council with a recommended decision. If the case is remanded by the Appeals Council, the procedures explained in [20 C.F.R.] § 404.977 will be followed.

20 C.F.R. § 404.983 (emphasis added). Under 20 C.F.R. § 404.977, when the Appeals Council remands a case to the ALJ, the ALJ "shall take any action that is ordered by the Appeals Council and may take any action that is not inconsistent with the Appeals Council's remand order." Accordingly, on remand, the ALJ must follow the specific instructions of the reviewing court. *See Stacy*, 825 F.3d at 567-69.

A. The Court's Previous Order

Dr. Willner provided medical care to Plaintiff from 1980 through 2012. *See* AR 450, 628. Dr. Willner provided three medical opinions containing limitations in Plaintiff's ability to conduct basic work activities: a Medical Source Statement dated October 6, 2010; a letter dated March 31, 2011; and a Medical Source Statement dated October 31, 2012. *See* AR 450; 447-49; 582-84. In the February 2013 ALJ decision, ALJ Morris considered Dr. Willner's three opinions

together and discounted each of them because he found (1) Dr. Willner's opinions were inconsistent with the treatment notes from the relevant time period; (2) Dr. Willner's failure to refer Plaintiff to a psychiatry specialist suggested he did not believe Plaintiff's symptoms were severe; and (3) Dr. Willner believed Plaintiff's limitations became more severe over time. *See* AR 20-21.

In its previous Order, the Court found all three reasons were not clear and convincing. First, the Court found ALJ Morris erred in finding Dr. Willner's medical opinions inconsistent with the treatment notes for the relevant time period. AR 691-94. The Court explained this reasoning was erroneous because although Plaintiff must establish disability between her alleged onset date of January 4, 2005 and December 31, 2006, Dr. Willner offered the original diagnoses, treated Plaintiff "before, during and after" the relevant period, and "indicated the limitations he opined covered the relevant time period." AR 693-94 (citing *Lester v. Chater*, 81 F.3d 821, 832 (9th Cir. 1996); *Garrison v. Colvin*, 759 F.3d 995, 1017 (9th Cir. 2014)). Accordingly, the Court concluded the ALJ "harmfully erred by finding that medical evidence containing limitations, though made after [Plaintiff's] date last insured, was not relevant to the evaluation of her condition during the period under review." AR 693-94.

Second, the Court found ALJ Morris erred by rejecting Dr. Willner's opinions because he never referred Plaintiff to a psychiatrist. AR 694. This was error because there was no evidence suggesting Dr. Willner did not believe Plaintiff's psychiatric symptoms were severe, and his failure to refer Plaintiff to a specialist may have said more about his "beliefs about himself than about his patient." AR 694. The Court also reasoned "the Ninth Circuit has recognized that opinions from treating physicians regarding both physical and mental limitations may constitute

"'competent psychiatric evidence.'" AR 694 (citing *Lester*, 81 F.3d at 833; 20 C.F.R. § 404.1527(c); Social Security Regulation ("SSR") 06-03p).

Third, the parties agreed Dr. Willner's belief that Plaintiff's condition worsened over time was not a valid reason for ALJ Morris to discount Dr. Willner's opinion. AR 694. Therefore, ALJ Morris failed to provide any clear and convincing reason, based on substantial evidence, to reject Dr. Willner's opinions.

Due to ALJ Morris's errors regarding Dr. Willner's opinions, the Court ordered the ALJ on remand to "reevaluate Dr. Willner's opinions and, as necessary, [Plaintiff's] RFC, and steps three through five of the five-step evaluation process." AR 702.

B. <u>The ALJ's Current Decision</u>

On remand, the ALJ considered Dr. Willner's March 2011 opinion on its own and accorded it "little weight." *See* AR 606-08. The ALJ reasoned this opinion "is so far outside the time period at issue" that it was irrelevant "to the assessment in this case." AR 608. However, the Court rejected this type of reasoning in its previous Order and found ALJ Morris harmfully erred when he found "medical evidence containing limitations, *though made after [Plaintiff's] date last insured*, was not relevant to the evaluation of her condition during the period under review." AR 693-94 (emphasis added). Therefore, the ALJ erred, as she violated instructions from the Court and Appeals Council which ordered her to conduct further proceedings consistent with the Court's Order.[2] *See Trujillo v. Astrue*, 2011 WL 5870080, at *6-7 (C.D. Cal. Nov. 22, 2011) (remand required when the ALJ committed legal error by failing to follow the remand order of

---

[2] Defendant argues the ALJ complied with the Court's Order because the ALJ "engaged in a new discussion of Dr. Willner's opinions" on remand. Dkt. 13, p. 3. However, simply because the ALJ used new language does not necessarily mean she provided new reasoning, as "the remand order must be read holistically." *Stacy*, 825 F.3d at 568. Thus, while the ALJ may not have used identical language on remand, she erred because the Court explained this type of reasoning was erroneous. AR 693-94.

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 7

the district court and Appeals Council); *Ischay*, 383 F.Supp.2d at 1217 (ALJ erred when he failed to follow the Appeals Council's remand, which directed the ALJ to conduct further proceedings consistent with the order of the court).

Furthermore, even if the ALJ had not failed to follow the Court's Order on the March 2011 opinion, this reason would still be legally insufficient, as the Ninth Circuit has held "medical evaluations made after the expiration of a claimant's insured status are relevant to an evaluation of the preexpiration condition." *Lester*, 81 F.3d at 832 (internal quotation marks and citation omitted). This reasoning is particularly relevant here, as Dr. Willner explained Plaintiff's "bipolar cycles" and "repeated episodes of psychotic decompensation" have been evident for the past fifteen years, including the time period at issue in this case. *See* AR 450. Therefore, the ALJ erred on remand in her treatment of Dr. Willner's March 2011 medical opinion.

Additionally, the ALJ provided five reasons to give only "partial weight" to Dr. Willner's 2010 and 2012 medical opinions. *See* AR 606-08. These reasons contained new reasoning to discount Dr. Willner's 2010 and 2012 medical opinions. *Compare* AR 606-08 (current ALJ decision) *with* AR 20-21 (previous ALJ decision). The ALJ also briefly mentioned that Dr. Willner "addressed limitations for a time period not at issue in this matter." AR 608. However, for the reasons discussed below in Section II of this Order, any error regarding this reason was harmless. Therefore, Plaintiff failed to show the ALJ violated the Court's Order on these opinions. *See* Dkt. 12, 14; *Ludwig v. Astrue*, 681 F.3d 1047, 1054 (9th Cir. 2012) ("The burden is on the party claiming error to demonstrate not only the error, but also that it affected [her] 'substantial rights.'"); *Allen v. Heckler*, 749 F.2d 577, 579 (9th Cir. 1984) (citation omitted) ("If the evidence admits of more than one rational interpretation," the Commissioner's decision must be upheld).

Plaintiff also argues the ALJ erred because she provided an identical RFC assessment and Step Five findings on remand. Dkt. 12, p. 3. Yet the Court's Order gave the ALJ discretion to re-evaluate these aspects of the decision "as necessary" on remand. AR 702. As such, the ALJ did not fail to follow the Court's Order on this ground.

### C. Harmless Error

Harmless error principles apply in the Social Security context. *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r of Soc. Sec. Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see also Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009) (quoting 28 U.S.C. § 2111)).

In this case, the ALJ used reasoning the Court found erroneous in its previous Order to discount Dr. Willner's March 2011 opinion. Further, as explained above, this reason would not be clear and convincing even if the Court had not previously found this reasoning erroneous.[3] Therefore, the ALJ erred. Had the ALJ properly considered Dr. Willner's March 2011 opinion, the RFC and hypothetical questions posed to the vocational expert ("VE") may have included additional limitations. For instance, Dr. Willner opined Plaintiff had marked difficulties in maintaining social functioning and in concentration, focus, and judgment. AR 450. Dr. Willner also stated Plaintiff suffered from auditory hallucinations on a monthly basis and episodes of psychotic decompensation lasting up to five days. AR 450. Neither the RFC nor the hypothetical

---

[3] Plaintiff and Defendant agree the "clear and convincing" standard applies to Dr. Willner's medical opinions. Dkt. 12, p. 7; Dkt. 13, p. 4.

questions posted to the VE contained limitations reflecting these restrictions. *See* AR 58, 605. Because the ultimate disability determination may have changed if the ALJ properly considered the opined limitations from the March 2011 opinion, the ALJ's error is not harmless and requires reversal. On remand, the ALJ is directed to provide new reasons to discount Dr. Willner's March 2011 opinion.

Plaintiff also argues the ALJ erred by failing to find that during the relevant time period Plaintiff met Listing 12.04.[4] Dkt. 12, pp. 16-17. Dr. Willner's March 2011 opinion contains limitations relevant to Listing 12.04 paragraph B, such as marked difficulties maintaining social functioning, and marked difficulties in concentration, focus, and judgment. *See* AR 450; 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.04 (effective Jan. 17, 2017 to Mar. 26, 2017). Moreover, Dr. Willner describes how Plaintiff has had psychiatric symptoms for fifteen years despite treatment, which is relevant to Listing 12.04 paragraph C. *See* AR 450; 20 C.F.R. Part 404, Subpart P, Appendix 1, § 12.04. Therefore, the ALJ shall reassess on remand whether Plaintiff's mental disorder meets Listing 12.04

**II.  Whether the ALJ properly considered Dr. Willner's 2010 and 2012 medical opinions.**

In addition, Plaintiff argues the ALJ failed to provide clear and convincing reasons to discount Dr. Willner's 2010 and 2012 medical opinions. Dkt. 12, pp. 4-10.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester*, 81 F.3d at 830 (citing *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990); *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988)). When a treating or examining physician's opinion is contradicted, the opinion can be

---

[4] The mental health listings were amended effective January 17, 2017. *See* 20 C.F.R. Part 404, Subpart P, Appendix 1 (effective Jan. 17, 2017 to Mar. 26, 2017). Because the ALJ's decision reflects she applied this version of the regulations, the Court uses this version in its analysis. *Compare id. with* AR 604.

rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating [her] interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)). In this case, the parties agree Dr. Willner's medical opinion is uncontradicted and must be discounted with clear and convincing reasons. Dkt. 12, p. 7; Dkt. 13, p. 4.

The ALJ provided multiple reasons to discount Dr. Willner's 2010 and 2012 medical opinions. *See* AR 606-08. In part, the ALJ discounted these opinions because they "conflict with each other." AR 607-08. An ALJ may consider "internal inconsistencies" between a doctor's reports in discounting that doctor's opinion. *See Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 603 (9th Cir. 1999) (citations omitted).

Here, the ALJ explained that although both of Dr. Willner's opinions assessed limitations for the time period at issue, the doctor's 2012 medical opinion "assessed increased limitations." AR 608. For example, in his 2010 opinion, Dr. Willner opined Plaintiff had slight limitations in her ability to make judgments on simple work-related decisions. AR 447. But in the 2012 opinion, Dr. Willner opined Plaintiff had marked limitations in this area. AR 582. Likewise, in the 2010 opinion, Dr. Willner wrote Plaintiff had moderate difficulties interacting with the public and in responding appropriately to changes in a routine work setting. AR 448. However, Dr. Willner wrote Plaintiff was markedly limited in these areas in his 2012 opinion. AR 583. In all, Dr. Willner assessed increased limitations in six areas of work activities. *See* AR 447-48, 582-83.

1  Thus, for the time period at issue – from January 4, 2005 to December 31, 2006 – Dr.
2  Willner opined Plaintiff had varying levels of limitations for the same work-related activities.
3  *Compare* AR 447-48 (2010 opinion) *with* AR 582-83 (2012 opinion). Yet as the ALJ accurately
4  noted, Dr. Willner "failed to reconcile the overlap in these two time periods." AR 608. This was
5  a clear and convincing reason, supported by substantial evidence in the record, to discount Dr.
6  Willner's 2010 and 2012 medical opinions. *See Morgan*, 169 F.3d at 603 ("internal
7  inconsistencies" between a physician's opinions "constitute relevant evidence" that an ALJ may
8  use to discount the physician's opinions).

Further, while the ALJ provided other reasons to discount these medical opinions, the Court declines to consider whether these remaining reasons contained error, as any error would be harmless.[5] *See* AR 607-08; *Presley-Carrillo v. Berryhill*, 692 Fed.Appx. 941, 944-45 (9th Cir. 2017) (citing *Carmickle v. Comm'r of Soc. Sec. Admin.*, 533 F.3d 1155, 1162 (9th Cir. 2008)) (noting that although an ALJ erred with regard to one reason he gave to discount a medical opinion, "this error was harmless because the reason gave a reason supported by the record" to discount the opinion). Accordingly, the ALJ need not provide a new assessment of Dr. Willner's 2010 and 2012 medical opinions on remand.

**III.    Whether the ALJ properly considered Plaintiff's subjective symptom testimony and the lay witness testimony.**

Plaintiff also asserts the ALJ erred in her treatment of Plaintiff's subjective symptom testimony and the lay witness testimony. Dkt. 12, pp. 10-16. Defendant, on the other hand,

---

[5] The Court notes the ALJ discounted Dr. Willner's 2010 and 2012 opinions in part for assessing limitations outside the time period at issue. *See* AR 608. As noted above, the Court's previous Order found this reasoning legally insufficient to discount Dr. Willner's medical opinions. *See* Section I, *supra*. However, to the extent the ALJ violated the Court's Order by providing this reason, this error was harmless because of the proper reason the ALJ provided to discount the 2010 and 2012 opinions. *Carmickle*, 533 F.3d at 1162; *Presley-Carrillo*, 692 Fed.Appx at 944-45 (citation omitted).

ORDER REVERSING AND REMANDING
DEFENDANT'S DECISION TO DENY BENEFITS
- 12

argues the Court should apply the law of the case doctrine and decline to decide these issues, as the Court previously affirmed ALJ Morris's findings on these issues. Dkt. 13, pp. 11-13.

In general, as explained above, the law of the case doctrine "prohibits a court from considering an issue that has already been decided by that court or a higher court in the same case." *Stacy*, 825 F.3d at 567 (citation omitted). Here, the Court previously affirmed ALJ Morris's decision to discount Plaintiff's subjective symptom testimony, finding he provided sufficient reasons for doing so. *See* AR 695-98. On remand, the ALJ again discounted Plaintiff's testimony. AR 606. However, while the ALJ briefly wrote Plaintiff's testimony was "not entirely consistent" with the evidence in the record, the ALJ failed to actually explain how the testimony was inconsistent with the record. *See* AR 606. The ALJ also did not state whether she was relying on the credibility determination from the previous ALJ decision. *See* AR 606.

Similarly, this Court previously affirmed the ALJ's decision to discount the lay witness statements from Plaintiff's daughter and husband. AR 698-700. Nevertheless, on remand, the ALJ provided entirely new reasons to discount the lay witness testimony. *Compare* AR 21-22 (previously ALJ decision) *with* AR 609 (current ALJ decision). Once again, ALJ failed to state whether she was relying on the lay witness analysis from the previous ALJ decision. *See* AR 609.

Thus, the pertinent inquiry is whether the law of the case doctrine prohibits the Court from deciding an issue the Court previously upheld when the ALJ failed to use or reference the same reasoning on remand. Neither Plaintiff nor Defendant cite any case law directly on point addressing this issue. *See* Dkt. 12, 13, 14. Case law from this district suggests that when an ALJ gives new or different reasons to discount evidence on remand, the law of the case doctrine does not necessarily prohibit the Court from deciding the issue again. *Holmes v. Colvin*, 2016 WL

1  6943775, at *2 (W.D. Wash. Nov. 28, 2016) (declining to apply the law of the case doctrine
2  where "the particular rationale" the ALJ used to discount opinions "could not have been affirmed
3  by this Court previously, as they were not part of the previous written decision"); *Haydo v.*
4  *Colvin*, 2014 WL 2478120, at *3 (W.D. Wash. June 3, 2014) (law of the case doctrine did not
5  apply in part because the ALJ "treat[ed] this evidence differently" in the current ALJ decision
6  than in the previous ALJ decision); *Bartell v. Astrue*, 2012 WL 6878911, at *5 (W.D. Wash.
7  Dec. 21, 2012) (law of the case doctrine did not apply because "[w]hile the Court agrees that the
8  Plaintiff is barred from relitigating the first credibility determination that was affirmed in the
9  remand order, the issue now complained of was not addressed in the first decision or the remand
10 order").

In any event, remand in this case is inevitable due to the ALJ's harmful error regarding Dr. Willner's March 2011 opinion. *See* Section I, *supra*. Accordingly, the Court declines to consider whether the ALJ erred regarding Plaintiff's subjective symptom testimony or the lay witness testimony. However, because reconsideration of Dr. Willner's March 2011 opinion may change the ALJ's treatment of this testimony, the Court directs the ALJ, on remand, to expressly assess Plaintiff's testimony and the lay witness testimony. If the ALJ intends to rely on the reasons this Court previously upheld in assessing Plaintiff's testimony and the lay witness testimony, the ALJ must state her intention for doing so in her decision on remand.

**IV.     Whether the ALJ properly assessed the RFC and Step Five findings.**

Plaintiff argues the ALJ's RFC assessment and subsequent Step Five findings were not supported by substantial evidence in the record. Dkt. 12, pp. 17-18.

The ALJ committed harmful error by failing to properly consider Dr. Willner's March 2011 opinion. *See* Section I, *supra*. Accordingly, the ALJ is directed to reassess the RFC as

necessary on remand. *See* SSR 96-8p, 1996 WL 374184 (1996) (an RFC "must always consider and address medical source opinions"); *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009) ("an RFC that fails to take into account a claimant's limitations is defective"). As the ALJ must reassess Plaintiff's RFC on remand, the ALJ is further directed to re-evaluate the findings at Step Five as necessary to determine whether there are jobs existing in significant numbers in the national economy Plaintiff can perform in light of the RFC. *See Watson v. Astrue*, 2010 WL 4269545, at *5 (C.D. Cal. Oct. 22, 2010) (finding the RFC and hypothetical questions posed to the vocational expert defective when the ALJ did not properly consider two doctors' findings).

**V.     Whether an award of benefits is warranted.**

Lastly, Plaintiff requests the Court remand her claim for a benefits award. Dkt. 12, p. 19.

The Court may remand a case "either for additional evidence and findings or to award benefits." *Smolen v. Chater*, 80 F.3d 1273, 1292 (9th Cir. 1996). Generally, when the Court reverses an ALJ's decision, "the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Benecke v. Barnhart*, 379 F.3d 587, 595 (9th Cir. 2004) (citations omitted). However, the Ninth Circuit created a "test for determining when evidence should be credited and an immediate award of benefits directed." *Harman v. Apfel*, 211 F.3d 1172, 1178 (9th Cir. 2000). Specifically, benefits should be awarded where:

> (1) the ALJ has failed to provide legally sufficient reasons for rejecting [the claimant's] evidence, (2) there are no outstanding issues that must be resolved before a determination of disability can be made, and (3) it is clear from the record that the ALJ would be required to find the claimant disabled were such evidence credited.

*Smolen*, 80 F.3d at 1292.

In this case, the Court has determined the ALJ committed harmful error regarding Dr. Willner's March 2011 medical opinion. Because outstanding issues remain regarding the medical evidence, Plaintiff's RFC, and her ability to perform other jobs existing in significant numbers in the national economy, remand for further consideration of this matter is appropriate.

## CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 5th day of April, 2018.

David W. Christel
United States Magistrate Judge